

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# Akaris v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Akaris v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1085.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1085

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5127
_____

SHOKRAN AKARIS,

Petitioner

v.

U.S. ATTORNEY GENERAL, ALBERTO R. GONZALES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A95-350-337)
Immigration Judge Irma Lopez Defillo
_____

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

Before: ROTH, FISHER and COWEN, *Circuit Judges*.

(Filed May 18, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Shokran Akaris petitions for review of the Board of Immigration Appeals' denial

of her motion to reconsider an earlier ruling. We will deny the petition.

On December 14, 2004, Akaris filed a notice of appeal with the Board, appealing an immigration judge's order dated November 8, 2004. The Board ruled, on June 15, 2005, that because December 14 is 36 days after November 8, Akaris's notice of appeal was filed outside the 30-day filing period specified by 8 C.F.R. § 1003.38 and was therefore time-barred. Akaris then filed a motion for reconsideration with the Board, which the Board denied on October 26, 2005. Akaris timely filed, in this Court, a petition for review of that denial.

Board denials of motions for reconsideration are reviewable in this Court for certain legal defects, such as failure by the Board to give an adequate explanation. They are not reviewable based on the merits of the underlying decision the Board refused to reconsider. Yet the sole argument Akaris makes in her petition is that her December 2004 appeal should not have been dismissed as untimely. Akaris, in other words, wants us to examine the Board's June 2005 decision, in which the Board ruled that the December 2004 appeal was untimely. But Akaris did not petition us for review of the Board's June 2005 decision. The instant petition seeks review not of the June 2005 decision, but rather of the Board's October 2005 denial of Akaris' motion to reconsider the June decision. If Akaris wanted a ruling from the United States Court of Appeals for the Third Circuit on the merits of the June decision, she needed to petition us for review of that decision. She did not do so.[1] And in the petition she did file with us seeking review of the October

---

[1]And the filing period for doing so has long since run. The Supreme Court made it clear, in *Stone v. INS*, 514 U.S. 386, 395 (1995), that the filing period for a petition for

2

decision, she does not point to any error in the October decision.  She makes, in short, no legal challenge to the decision presently before us, and instead tries to challenge a different decision, which is not before us because she never brought it before us.

Because Akaris did not petition us for review of the Board's June 2005 decision, we cannot review it here.  Because Akaris does not raise any claims of error in the Board's October 2005 decision, we deem any such claims waived.

This is not to say that we would find any error in either decision, were either one properly before us.  We see none.  The regulation specifying the filing period is peremptorily worded, and the Board's application of it here was a sound exercise of its discretion.  Nor did the Board fail to explain its reasons for denying reconsideration.  The caselaw Akaris would rely on is manifestly inapposite, and even the equities are not on her side:  Her attorney states in his brief that he received the immigration judge's decision on November 25, 2004.  Thus he had, by his own reckoning, eleven days to file a single piece of paper with an agency located only a few miles from his office.

The petition for review will be denied.

---

review of a BIA decision by the courts of appeals begins running with the issuance of that decision, and is not tolled by a subsequent motion for reconsideration filed with the BIA.